IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WILLIAM MONTGOMERY, JR. | § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-11-CV-2541-L |
| GARY FITZSIMMONS, ET AL. | § § § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by George William Montgomery, Jr., a Texas prisoner, against the Dallas County District Clerk, the Dallas County District Attorney, and the lawyer who represented plaintiff at his criminal trial. On September 27, 2011, plaintiff tendered a complaint to the district clerk. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on October 17, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to challenge his conviction for aggravated assault and resulting 15-year sentence on the ground that he received ineffective assistance of counsel. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1). More particularly, plaintiff contends that his attorney pressured him to accept a plea bargain that called for a sentence of 12-25 years confinement, despite the fact that plaintiff wanted to enter an open plea so he could ask the judge for leniency and drug treatment. (*Id.*). Plaintiff also alleges that the Dallas County District Clerk failed to answer or otherwise respond to his state habeas petition. (*See* Plf. Compl. at 3, ¶ IV; Mag. J. Interrog. #9). By this suit, plaintiff seeks unspecified monetary damages and immediate release from custody.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a federal civil rights claim against his former attorney and the Dallas County District Attorney. Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). When asked how the district attorney was personally involved in the violation of his constitutional rights, plaintiff responded, "I have no dispute with District Attorney Craig Watkins[.]" (*See* Mag. J. Interrog. #8). The claims against these defendants should be summarily dismissed.

C.

That leaves plaintiff's claim against Dallas County District Clerk Gary Fitzsimmons. Liberally construed, plaintiff appears to allege that Fitzsimmons denied him access to the courts by failing to promptly "respond back" or "answer" his state habeas petition. (*See* Plf. Compl. at 3, ¶ IV; Mag. J. Interrog. #9). "A substantive right of access to the courts has long been recognized . . . as 'one of the fundamental rights protected by the Constitution.'" *Chalmers v. Wilhelm*, No. 3-01-CV-0153-D, 2001 WL 1142706 at *2 (N.D. Tex. Sept. 25, 2001), *quoting Jackson v. Procunier*, 789

F.2d 307, 310 (5th Cir. 1986). To prevail on this claim, plaintiff must show that he suffered some "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 349-50, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996). This, in turn, requires proof that the denial of access to the court prejudiced plaintiff's position as a litigant or "hindered his efforts to pursue a legal claim." *Id.*, 116 S.Ct. at 2179-80.

Here, Fitzsimmons did not deny plaintiff access to the courts. Notwithstanding his allegations of wrongdoing by this defendant, plaintiff filed an application for writ of habeas corpus in the trial court on or about September 12, 2011. That writ is still pending. (*See* Mag. J. Interrog. #5, 6). Thus, plaintiff has not suffered an "actual injury" that "hindered his efforts to pursue a legal claim." *See Lewis*, 116 S.Ct. at 2179-80.[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek habeas relief in federal court. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).

DATED: October 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE